UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Carmen Jones, M.D., | ) | |
|                 Plaintiff, | ) | Case No.: 2:13-cv-00996-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| State of Nevada Board of Medical Examiners, | ) | |
|                 Defendant. | ) | |

Pending before the Court is the Motion for Partial Summary Judgment (ECF No. 7) filed by Plaintiff Carmen Jones, M.D., and the Motion to Dismiss (ECF No. 10) filed by the Nevada State Board of Medical Examiners ("the Board"). Both motions are fully briefed.

**I. BACKGROUND**

Plaintiff brings this action solely against the Nevada State Board of Medical Examiners pursuant to 42 U.S.C. § 1983, alleging violations of her Fourteenth Amendment due process rights as a result of the Board's conduct in relation to its suspension of her medical license. (Compl., ECF No. 1.) Plaintiff requests declaratory and injunctive relief, as well as an award of attorney fees and costs. (*Id.*) As discussed below, the Court finds that § 1983 claims against the Board itself are proscribed by the Eleventh Amendment, and therefore Plaintiff's Complaint must be dismissed.

**A. The Board of Medical Examiners**

"The Board of Medical Examiners consists of nine members appointed by the Governor," Nev. Rev. Stat. § 630.050(1), to whom the Nevada legislature has delegated "the power and duty to determine the initial and continuing competence of physicians" such as Plaintiff who are subject to Chapter 630 of Nevada Revised Statutes, Nev. Rev. Stat. § 630.003(1)(b). "The purpose of licensing physicians . . . is to protect the public health and

safety and the general welfare of the people of this State," and "[a]ny license issued pursuant to this chapter is a revocable privilege." Nev. Rev. Stat. § 630.045.  Among its duties, "[t]he Board must ensure that unfit physicians . . . are removed from the medical profession so that they will not cause harm to the public." Nev. Rev. Stat. § 630.003(1)(d).  "The powers conferred upon the Board by this chapter must be liberally construed to carry out these purposes for the protection and benefit of the public." Nev. Rev. Stat. § 630.003(2).

Chapter 630 provides that "[t]he Board may adopt such regulations as are necessary or desirable to enable it to carry out the provisions of this chapter," and, more specifically:

> In addition to the other powers and duties provided in this chapter, the Board shall, in the interest of the public, judiciously:
> (a) Enforce the provisions of this chapter;
> (b) Establish by regulation standards for licensure under this chapter;
> (c) Conduct examinations for licensure and establish a system of scoring for those examinations;
> (d) Investigate the character of each applicant for a license and issue licenses to those applicants who meet the qualifications set by this chapter and the Board; and
> (e) Institute a proceeding in any court to enforce its orders or the provisions of this chapter.

Nev. Rev. Stat. § 630.130.  Also, "[t]he Board may hold hearings and conduct investigations pertaining to its duties imposed under this chapter and take evidence on any such matter under inquiry before the Board." Nev. Rev. Stat. § 630.140(1).

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

A plaintiff may seek redress in a civil action alleging injury as a result of "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

"The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (internal quotation marks omitted).  Thus, as a general rule, "relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id.* (internal quotation marks omitted).  "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-102.

As applied to the Nevada State Board of Medical Examiners, and relying on *Pennhurst*, the Ninth Circuit Court of Appeals has noted that "[t]he Eleventh Amendment proscribes § 1983 claims against the Board itself, whether for damages or injunctive relief." *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  The district court's

dismissal of § 1983 claims against the Board was affirmed on this basis, and dismissal of § 1983 claims against members of the Board was affirmed on other grounds. *Id*. at 748.

Here, just as in *Buckwalter*, the Court finds that dismissal of Plaintiff's § 1983 claims against the Board is appropriate.  Although the parties both discuss the *Buckwalter* opinion extensively in their briefs, neither party acknowledges this fatal deficiency in Plaintiff's Complaint.  Instead, Defendant addresses Plaintiff's claims as if they were alleged against members of the Board, as well as the Board itself, as in *Buckwalter*.

The Court finds that Defendant's arguments as to *Younger* abstention are well taken, but finds no application of these arguments to Plaintiff's claims against the Board as pled in her Complaint.  At most, the Court can construe Defendant's arguments as applied to the Court's consideration of whether to grant Plaintiff leave to amend under Rule 15.  However, even having done so, and recognizing the likely futility of any amendment by Plaintiff, the Court cannot find that it is *clear* that the deficiencies of her complaint cannot be cured by amendment.

Accordingly, the Court will dismiss Plaintiff's § 1983 claims against the Board, but will grant leave to amend if Plaintiff can do so, curing the deficiencies described in this Order.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 10) is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice.  Plaintiff is granted until February 7, 2014, to file an amended pleading.  Failure to do so by this deadline shall result in dismissal of the action with prejudice.

**DATED** this 27th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court